JFL/MWC: USAO 2011R00161

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * CRIMINAL NO. |
| | * |
| JEREMY NAUGHTON, | * (Sex Trafficking, 18 U.S.C. § 1591(a); |
| a/k/a "Jerms Black," | * Transporting Individual to Engage in |
| | * Prostitution, 18 U.S.C. § 2421; |
| Defendant | * Kidnapping, 18 U.S.C. § 1201(a)(1); |
| | * Possession of a Firearm in Furtherance |
| | * of a Crime of Violence, 18 U.S.C. |
| | * § 924(c); Possession of a Firearm by a |
| | * Convicted Felon, 18 U.S.C. § 922(g); |
| | * Aiding and Abetting, 18 U.S.C. § 2; |
| | * Forfeiture, 18 U.S.C. § 924(d), 28 U.S.C. |
| | * § 2461(c)) |
| | * |
| | ******* |

FILED / LOGGED / ENTERED / RECEIVED
APR 2 5 2012
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

JFM 12 CR 0229

## INDICTMENT

### COUNT ONE
(Sex Trafficking by Force, Fraud and Coercion)

The Grand Jury for the District of Maryland charges that:

#### Introduction

1. At all times relevant to this Indictment, defendant **JEREMY NAUGHTON, a/k/a "Jerms Black" ("NAUGHTON"),** was a resident of Brooklyn, New York.

2. Beginning in or about the fall of 2008, defendant **NAUGHTON** targeted females whom he forced to engage in commercial sex acts and received monies and other things of value by having the females engage in commercial sex acts. Among other things defendant **NAUGHTON**:

      a.      contacted females who posted advertisements for prostitution services on various Internet websites and arranged to meet these females in hotel rooms;

      b.      assaulted and threatened female prostitutes with a handgun and physical force and made false promises to them to cause them to engage in prostitution under his supervision;

      c.      transported female prostitutes between Maryland, New York and other states with the intent that they would engage in prostitution;

      d.      used vehicles, public highways, hotels, telephones, and the Internet to facilitate prostitution;

      e.      stole personal belongings such as cellular telephones, personal computers, and identification from female prostitutes to prevent them from communicating with other persons;

      f.      maintained control over female prostitutes through physical assault, humiliation, confinement, theft of personal property, and threats; and

      g.      forced female prostitutes to have sexual contact and intercourse with customers and with himself and others known and unknown to the Grand Jury;

### Specific Acts of Force, Fraud and Coercion

3.      At various times relevant to this Indictment, defendant **NAUGHTON** caused female prostitutes who were between the ages of 19 and 23 to engage in commercial sex acts. In this Indictment, the female prostitutes are referred to by their initials: S.G., M.B., M.S., K.S., J.H. and S.H. Each of the female victims were subject to specific acts of force, fraud or coercion by defendant **NAUGHTON** and accomplices, including the following:

      a.      In or about the fall of 2008, defendant **NAUGHTON** entered S.G.'s hotel room, stole her laptop and cellular phone, hit her in the face, and forced S.G. to leave the hotel with him.

      b.      In or about the spring of 2009, defendant **NAUGHTON** attempted to strike S.G. with his car when she left a hotel in Oxon Hill, Maryland.

      c.      On or about December 15, 2009, defendant **NAUGHTON** entered M.S.'s hotel room, threatened to assault M.S., and detained her while demanding that she work for him as a prostitute.

      d.      On or about December 28, 2009, defendant **NAUGHTON** struck M.B. in the face and torso while she was lying on the bed inside of her hotel room in Rockville, Maryland.

      e.      On or about February 8, 2010, defendant **NAUGHTON** entered K.S.'s hotel room in Silver Spring, Maryland, pointed a handgun at her and demanded that she work for him as a prostitute.

      f.      On or about February 8, 2010, defendant **NAUGHTON** drove K.S. from Silver Spring, Maryland to his apartment in Brooklyn, New York, where he detained K.S.

      g.      On or about February 8-9, 2010, defendant **NAUGHTON** anally penetrated K.S. against her will.

      h.      On or about February 16, 2010, defendant **NAUGHTON** drove J.H. from Brooklyn, New York to Lanham, Maryland and instructed J.H. to rent a hotel room for commercial sex acts.

      i.      In or about June 2010, defendant **NAUGHTON** snapped the neck of J.H.'s pet dog with his hands in order to intimidate J.H.

      j.      On or about September 21, 2010, defendant **NAUGHTON** entered S.H.'s hotel room, threatened to assault S.H., and detained her while demanding that she work for him as a prostitute.

      k.      On or about September 21, 2010, defendant **NAUGHTON** stole S.H.'s cellular telephone and U.S. currency and drove S.H. from her hotel room to his apartment in Brooklyn, New York, where he forced her to perform oral sex.

### The Charge

4.      Between in or about the fall of 2008 and the spring of 2009, in the District of Maryland and elsewhere, the defendant,

**JEREMY NAUGHTON,**
a/k/a/ "Jerms Black,"

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, namely, S.G., and did attempt to benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud and coercion as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause S.G. to engage in a commercial sex act.

18 U.S.C. § 1591(a)
18 U.S.C. § 1594(a)
18 U.S.C. § 2

## COUNT TWO
### (Sex Trafficking by Force, Fraud and Coercion)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 3 of Count One are incorporated here.

2. Between on or about December 15, 2009, and on or about December 28, 2009, in the District of Maryland and elsewhere, the defendant,

**JEREMY NAUGHTON,**
a/k/a/ "Jerms Black,"

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, namely, M.B., and did attempt to benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud and coercion as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause M.B. to engage in a commercial sex act.

18 U.S.C. § 1591(a)
18 U.S.C. § 1594(a)
18 U.S.C. § 2

5

## COUNT THREE
### (Transporting Individual to Engage in Prostitution)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 3 of Count One are incorporated here.

2. On or about December 15, 2009, in the District of Maryland and elsewhere, the defendant,

**JEREMY NAUGHTON,**
a/k/a "Jerms Black,"

knowingly transported M.B. in interstate commerce, from Virginia to Maryland, with intent that M.B. engage in prostitution and sexual activity for which a person can be charged with a criminal offense.

18 U.S.C. § 2421
18 U.S.C. § 2

## COUNT FOUR
### (Transporting Individual to Engage in Prostitution)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 3 of Count One are incorporated here.

2. On or about December 28, 2009, in the District of Maryland and elsewhere, the defendant,

**JEREMY NAUGHTON,**
a/k/a "Jerms Black,"

knowingly transported M.B. in interstate commerce, from New York to Maryland, with intent that M.B. engage in prostitution and sexual activity for which a person can be charged with a criminal offense.

18 U.S.C. § 2421
18 U.S.C. § 2

## COUNT FIVE
**(Sex Trafficking by Force, Fraud and Coercion)**

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 3 of Count One are incorporated here.

2. On or about December 15, 2009, in the District of Maryland and elsewhere, the defendant,

**JEREMY NAUGHTON,**
a/k/a/ "Jerms Black,"

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, namely, M.S., and did attempt to benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud and coercion as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause M.S. to engage in a commercial sex act.

18 U.S.C. § 1591(a)
18 U.S.C. § 1594(a)
18 U.S.C. § 2

8

## COUNT SIX
### (Sex Trafficking by Force, Fraud and Coercion)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 3 of Count One are incorporated here.

2. Between on or about February 7, 2010 and on or about February 10, 2010, in the District of Maryland and elsewhere, the defendant,

**JEREMY NAUGHTON,**
a/k/a/ "Jerms Black,"

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, namely, K.S., and did attempt to benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud and coercion as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause K.S. to engage in a commercial sex act.

18 U.S.C. § 1591(a)
18 U.S.C. § 1594(a)
18 U.S.C. § 2

## COUNT SEVEN
### (Transporting Individual to Engage in Prostitution)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 3 of Count One are incorporated here.

2. Between on or about February 7, 2010 and on or about February 10, 2010, in the District of Maryland and elsewhere, the defendant,

**JEREMY NAUGHTON,**
a/k/a "Jerms Black,"

knowingly transported K.S. in interstate commerce, from Maryland to New York, with intent that K.S. engage in prostitution and sexual activity for which a person can be charged with a criminal offense.

18 U.S.C. § 2421
18 U.S.C. § 2

## COUNT EIGHT
### (Kidnapping)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 3 of Count One are incorporated here.

2. Between on or about February 7, 2010 and on or about February 10, 2010, in the District of Maryland and elsewhere, the defendant,

**JEREMY NAUGHTON,**
**a/k/a "Jerms Black,"**

did knowingly and unlawfully seize, confine, kidnap, abduct and carry away K.S. and held her for a reason that was of benefit to the defendant and while holding her, did willfully transport K.S. in interstate commerce from Maryland to New York.

18 U.S.C. § 1201(a)(1)
18 U.S.C. § 2

## COUNT NINE
### (Possession of a Firearm in Furtherance of a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 3 of Count One are incorporated here.

2. On or about February 8, 2010, in the District of Maryland and elsewhere, the defendant,

**JEREMY NAUGHTON,**
a/k/a "Jerms Black,"

did knowingly (1) possess a firearm in furtherance of, and (2) use, carry and brandish a firearm during and in relation to, a crime of violence for which he may be prosecuted in a court of the United States, that is, sex trafficking in violation of 18 U.S.C. § 1591(a), as alleged in Count Six of this Indictment; and kidnapping in violation of 18 U.S.C. § 1201(a)(1), as alleged in Count Eight of this Indictment, which are incorporated by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

## COUNT TEN
**(Possession of a Firearm by a Convicted Felon)**

The Grand Jury for the District of Maryland charges that:

1. Paragraphs 1 through 3 of Count One are incorporated here.

2. On or about February 8, 2010, in the District of Maryland and elsewhere, the defendant,

**JEREMY NAUGHTON,**
a/k/a "Jerms Black,"

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess, in and affecting commerce, a firearm, to wit: a Walther PPK semiautomatic pistol.

18 U.S.C. § 922(g)(1)

## COUNT ELEVEN
### (Transporting Individual to Engage in Prostitution)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 3 of Count One are incorporated here.

2. On or about February 16, 2010, in the District of Maryland and elsewhere, the defendant,

**JEREMY NAUGHTON,**
a/k/a "Jerms Black,"

knowingly transported J.H. in interstate commerce, from New York to Maryland, with intent that J.H. engage in prostitution and sexual activity for which a person can be charged with a criminal offense.

18 U.S.C. § 2421
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further charges that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction on Counts Nine and Ten of this Indictment.

2. As a result of the offenses set forth in Counts Nine and Ten, the defendant,

**JEREMY NAUGHTON,**
a/k/a "Jerms Black,"

shall forfeit to the United States the firearm involved in the offenses.

18 U.S.C. § 924(d)
28 U.S.C. § 2461(c)

*Rod J. Rosenstein / JFL*
Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

25 APR 2012
Date

15