IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES | * |
| | * |
| v. | *   Crim. Case No.:  JFM-12-0229 |
| | * |
| JEREMY NAUGHTON, * | |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On May 9, 2013, a jury convicted Jeremy Naughton of twelve counts relating to sex trafficking including the use of a firearm, following a fourteen-day jury trial. On October 21, 2013, United States District Judge J. Frederick Motz imposed sentence, including a total term of 348 months' imprisonment. ECF 230. After an appeal and resentencing, in 2016, Judge Motz reduced Naughton's sentence to a total prison term of 264 months, with credit for time served. ECF 267. On January 13, 2021, Naughton filed a *pro se* Motion for Compassionate Release. ECF 283. The Government filed a response in opposition, and Naughton filed a reply. ECF 286, 287. I have carefully reviewed the filings, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Naughton's Motion will be denied.

### I.     LEGAL STANDARDS

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239-41 (2018). While previously, any motion for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act granted defendants the ability to move the Court for a reduction in their sentence for "extraordinary

and compelling reasons." § 603(b)(1). Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* Once a motion is for compassionate release is properly filed, the Court follows a three-step inquiry: (1) determining whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release; (2) considering whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction; and (3) ensuring that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

## II. ANALYSIS

It appears that Naughton adequately exhausted his administrative remedies. *See* ECF 281-1. Even assuming that this gatekeeping requirement has been satisfied, Naughton's Motion fails to establish any "extraordinary and compelling reason[]" warranting compassionate release or sentencing reduction.

Congress has charged the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t). In response, the Commission defined "extraordinary and compelling reasons" to exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over sixty-five years old, has failing health, and has served at least ten years or seventy-five percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as

determined by the BOP.  *See* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (A)–(D) (U.S. Sentencing Comm'n 2018) [hereinafter "U.S.S.G."].  This Court has authority to consider any "extraordinary and compelling reason" a defendant might raise, regardless of the BOP's definitions.  *See United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020).

      Here, Naughton argues the extraordinary and compelling reason arises from a miscalculation of his sentencing guidelines range, in addition to evidence of his rehabilitation.  He posits that his base offense level should have been 14 instead of 34.  His conspiracy counts of conviction are governed by U.S.S.G. § 2X1.1, which adopts the base offense level from the guideline for the substantive offense.  The substantive offense in Naughton's case is described in U.S.S.G. § 2G1.1 ("Promoting a Commercial Sex Act or Prohibited Sexual Conduct with an Individual Other than a Minor").  Subsection 2G1.1(a)(1) provides for a base offense level of 34 "if the offense of conviction is 18 U.S.C. § 1591(b)(1)" and subsection (a)(2) provides a base offense level of 14 "otherwise."  While Naughton is correct that he was not convicted of a violation of § 1591(b)(1), because he was solely charged with conspiracy, § 1591(b)(1) is the accurate substantive offense he conspired to commit, in light of the force involved in Naughton's sex trafficking.  Thus, his guidelines were appropriately calculated, and the amended and reduced sentence imposed by Judge Motz represents a significant downward variance from his advisory guidelines range.  Naughton's contention that a miscalculation in his guideline range constitutes an extraordinary and compelling reason, then, is unavailing.

      This Court acknowledges, and does not discount, the exhibits Naughton attached to his motion and reply, which document his commendable efforts at self-improvement during his time in the BOP. ECF 283-2, 287-1.  He works in an important and trusted position as a Psychology Services Suicide Companion and has completed more than seventy educational and job training

courses.  While he does have some disciplinary infractions, including a 2019 sanction for fighting, his record has been otherwise clean.  This Court commends Naughton on his rehabilitative efforts and encourages him to continue on his present path.  However, the law expressly provides that "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason."  28 U.S.C. § 994(t).

Because Naughton has failed to provide an extraordinary and compelling reason for compassionate release, the Court need not address the relevant § 3553(a) sentencing factors.  The Court observes, however, that given the seriousness of the offenses of conviction, which involved the violent abuse of multiple vulnerable sex trafficking victims, it is unlikely that a reduced sentence would adequately protect the public or comport with the policy goals of Congress and the Sentencing Commission.  Naughton's Motion, ECF 283, will therefore be denied by separate order.

DATED:  June 11, 2021                                  /s/
                                                       Stephanie A. Gallagher
                                                       United States District Judge