IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES | * |
| | * |
| v. | *   Crim. Case No.:  SAG-12-0229 |
| | * |
| JEREMY NAUGHTON, * | |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

On May 9, 2013, a jury convicted Jeremy Naughton of twelve counts relating to sex trafficking including the use of a firearm, following a fourteen-day jury trial. On October 21, 2013, United States District Judge J. Frederick Motz imposed sentence, including a total term of 432 months' imprisonment. ECF 230. After an appeal and resentencing, in 2016, Judge Motz reduced Naughton's sentence to a total prison term of 264 months, with credit for time served. ECF 267. This Court denied Naughton's first pro se Motion for Compassionate Release on June 11, 2021. ECF 288, 289. Naughton filed a second Motion for Compassionate Release on May 11, 2023. ECF 291. The Government filed a response in opposition, and no reply has been filed. ECF 297. I have carefully reviewed the filings, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Naughton's Motion will be denied.

**I.      LEGAL STANDARDS**

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239-41 (2018). While previously, any motion for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act

granted defendants the ability to move the Court for a reduction in their sentence for "extraordinary and compelling reasons." § 603(b)(1). Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* Once a motion for compassionate release is properly filed, the Court determines whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release and considers whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

## II.   ANALYSIS

It appears that Naughton adequately exhausted his administrative remedies. *See* ECF 297 at 5, 13. Even assuming that this gatekeeping requirement has been satisfied, Naughton's Motion fails to establish any "extraordinary and compelling reason[]" warranting compassionate release or sentencing reduction.

Congress has charged the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t) (2018). In response, the Commission defined "extraordinary and compelling reasons" to exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1(A)–(D)

(U.S. SE1NTENCING COMM'N 2018) [hereinafter "U.S.S.G."].  However, this Court has authority to consider any "extraordinary and compelling reason" a defendant might raise, regardless of the Sentencing Commission's pronouncements or BOP's definitions.  *See United States v. McCoy,* 981 F.3d 271, 284 (4th Cir. 2020).

Here, Naughton cites three potential extraordinary and compelling reasons: (1) the Covid-19 pandemic; (2) sub-par conditions of pretrial confinement; and (3) evidence of rehabilitation. ECF 291. With respect to the pandemic, Naughton does not claim any medical condition placing him at increased risk of viral complications. He notes that he believes he contracted the virus twice, but he did not seek medical attention because he did not want to be placed in solitary confinement. ECF 291 at 1. Apparently, then, he recovered without treatment, while placing other inmates at risk by remaining in general population. Moreover, Naughton's medical records reflect that he refused the Covid-19 vaccines on several occasions. ECF 297-3.  As this Court has noted repeatedly, refusing to take preventative measures to protect oneself and others from the Covid-19 virus or its complications undermines any assertion that the risk of further infection constitutes an extraordinary and compelling reason justifying release.

Turning to Naughton's arguments about his conditions of pretrial release, those conditions were well known to him at the time of his original sentencing in 2013 and his re-sentencing in 2016. Compassionate release is designed to address changed circumstances and not to reargue or provide a second (or third) bite at the apple for arguments that could have been made at earlier sentencing proceedings. *See United States v. Lake,* Cr. No. 5:16-076-DCR, 2019 WL 4143293, at *4 (E.D. Ky. Aug. 30, 2019) ("The purpose of compassionate release is to reduce a term of imprisonment for extraordinary or compelling circumstance that could not have reasonably been foreseen at the time of sentencing.").

With respect to rehabilitation, this Court once again commends Naughton for his rehabilitative efforts. Over the past two years, he has continued to work towards self-improvement by availing himself of courses and service programs, working on his mental health issues, maintaining a good work history, and helping others. However, the law expressly provides that "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). And because this Court affords no weight to his pandemic or pretrial detention contentions, Naughton has not identified any factors that individually or collectively amount to an extraordinary and compelling reason justifying further consideration of his motion.

Because Naughton has failed to provide an extraordinary and compelling reason for compassionate release, the Court need not address the relevant § 3553(a) sentencing factors. If it were to reach those factors, however, this Court would conclude that the nature of the offenses of conviction, involving the violent abuse of multiple vulnerable sex trafficking victims, justified the admittedly significant 22-year sentence Judge Motz imposed in 2016. This Court maintains that even in light of the great strides Naughton has made at rehabilitation during his incarceration, the countervailing interests of sufficient deterrence of sex trafficking and protection of the public would lead to the 264-month sentence when all of the sentencing factors were weighed. Naughton's Motion, ECF 291, will therefore be denied by separate order.

Date:  <u>October 6, 2023</u>                          <u>        /s/                         </u>
                                                       Stephanie A. Gallagher
                                                       United States District Judge